UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CHARITY DAVIS,<br><br>        Plaintiff,<br>  v.<br><br>COLUMBIA DEBT RECOVERY, LLC d/b/a<br>GENESIS CREDIT MANAGEMENT,<br><br>        Defendant. | Civil Action No. 6:26-cv-00032-LS |

# DEFENDANT COLUMBIA DEBT RECOVERY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant COLUMBIA DEBT RECOVERY, LLC ("Defendant") hereby answers the Complaint of Plaintiff CHARITY DAVIS ("Plaintiff") as follows:

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that it is a Washington limited liability company with a business office in Everett, Washington.

## JURISDICTION AND VENUE

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, which also constitute legal conclusions.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

## ARTICLE III STANDING

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. Defendant admits that it engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Complaint, which also constitute legal conclusions.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, which also constitute legal conclusions.

15. Defendant admits that it engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint, which also constitute legal conclusions.

16. Defendant admits that it engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint, which also constitute legal conclusions.

17. Defendant admits that it engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint, which also constitute legal conclusions.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, which also constitute legal conclusions.

19. Defendant admits that it contacted Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint, which also constitute legal conclusions.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, which also constitute legal conclusions.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, which also constitute legal conclusions.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, which also constitute legal conclusions.

23. Defendant admits that the debt at issue was from Pecan Pointe in the initial amount of $2,076.88, reference number 0010175953. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint, which also constitute legal conclusions.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint. Upon information and belief, to the extent Plaintiff's lease contained a force majeure clause, it did not inure to the benefit of Plaintiff.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint. Upon information and belief, to the extent Plaintiff's lease contained a force majeure clause, it did not inure to the benefit of Plaintiff.

29. Defendant admits that the Pecan Pointe debt was placed with Defendant for collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits that it attempted to contact Plaintiff. Upon information and belief, Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits that it attempted to contact Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint. Defendant is still investigating Plaintiff's claims.

32. Defendant admits that it attempted to contact Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint. Defendant is still investigating Plaintiff's claims.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint. Defendant is still investigating Plaintiff's claims.

41. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint. Defendant is still investigating Plaintiff's claims.

42. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint. Defendant is still investigating Plaintiff's claims.

43. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint. Defendant is still investigating Plaintiff's claims.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant admits the debt was recalled on or about November 13, 2025. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 of the Complaint.

47. Defendant admits that it credit reported the debt. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint. Defendant is still investigating Plaintiff's claims.

48. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint. Defendant is still investigating Plaintiff's claims.

49. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint. Defendant is still investigating Plaintiff's claims.

50. Defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint. Defendant is still investigating Plaintiff's claims.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

**COUNT I**

56. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is

deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

58. Paragraph 58 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

## COUNT II

62. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

## COUNT III

67. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

## COUNT IV

71.     Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

## COUNT V

76.     Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is

deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

## COUNT VI

81. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

83. Defendant denies any unfair or unconscionable conduct. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83 of the Complaint, which also constitute legal conclusions.

84. Defendant denies any unfair or unconscionable conduct, and further denies the remaining allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

## COUNT VII

86. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is

deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

## COUNT VIII

90. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

## COUNT IX

94. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains no affirmative allegations against Defendant, only legal conclusions. As such, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

## PLAINTIFF'S JURY DEMAND

100. Defendant admits that Plaintiff demands a jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

101. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief or elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the damages alleged in Plaintiff's Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or other persons, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct and/or the conduct of other persons contributed to the cause of said alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred by the lease, contracts, agreements and/or terms and conditions regarding the debt at issue.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that some or all of Plaintiff's state law claims are, or may be, preempted by federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**NINTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

**TENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## RESERVATION OF RIGHTS

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for a Judgment in its favor and/or that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

Respectfully submitted,

LAW OFFICES OF KEITH WIER, PLLC

  s/Keith Wier
Keith Wier, SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
Attorney for Defendant Columbia Debt Recovery, LLC

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of February 2026 a true and correct copy of the foregoing was sent to the below counsel of record through the CM/ECF system and/or through email.

**Daniel Ciment**
**CIMENT LAW FIRM, PLLC**
**400 E. Weatherford St.**
**Fort Worth, TX 76102**
**833-663-3289, ext. 1001**
**Daniel@cimentlawfirm.com**
**ATTORNEY FOR PLAINTIFF**

 *S/ Keith Wier*
Keith Wier, SBN 21436100