**APPENDIX N**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHARITY DAVIS, | § | |
| | § | |
| PLAINTIFF(S) | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:26-CV-32-LS |
| | § | |
| COLUMBIA DEBT RECOVERY, LLC, | § | |
| | § | |
| DEFENDANT(S) | § | |

---

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

---

1.  What are the causes of action, defenses, and counterclaims in this case? What are the

    elements of the cause(s) of action, defenses, and counterclaims pled?

Plaintiff asserts that Defendant violation her rights under the Fair Debt Collection Practices Act and the Texas Debt Collection Act, due to Defendant's attempt to collect a debt allegedly owed to Pecan Pointe Apartments.

Defendant denies the allegations.

There are no counterclaims pending.

**Key Elements of an FDCPA Claim**

- **Consumer Debt:** The debt involved is for personal, family, or household purposes.

- **Debt Collector Defendant:** The defendant meets the FDCPA definition of a "debt collector" (a third party collecting debt for others, not the original creditor).

- **Prohibited Conduct:** The collector used abusive, deceptive, or unfair collection methods.

- **Concrete Injury:** The consumer suffered actual damages or a "concrete" harm (not just a procedural error) to have standing to sue.

2.  Are there any outstanding jurisdictional issues? For removed cases based on diversity

    jurisdiction:

1

    a.  Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    b.  If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

There are no outstanding jurisdictional issues.

3.  Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

There are no unserved parties.

4.  Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

Not at this time.

5.  Are there any legal issues in this case that can be narrowed by agreement or by motion?

Not at this time.

6.  Are there any issues about preservation of discoverable information?

Not at this time.

7.  Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

Not at this time.

8.  Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

Not at this time.

9.  What are the subjects on which discovery may be needed?

Discovery may be needed on the Defendant's collection practices, policies and procedures for the collection of unpaid debts, account notes, call logs and recordings.

10. Have initial disclosures been made?  If not, should any changes be made in the timing,

form, or requirement for initial disclosures?

Initial disclosures have not been made yet, no changes needed.  The Parties will exchange initial disclosures by March 31st, 2026.

11. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

No discovery has been completed yet.

12. What, if any, discovery disputes exist?

There are no discovery disputes currently.

13. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

The Parties do not believe a proposed order is needed.

14. Have the parties discussed early mediation?

The Parties have discussed settlement and are working towards resolving the matter.  If the parties are unable to resolve the matter we would be open to early mediation.

15. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

There are no other issues requiring the Courts attention at this time.

_/s/Daniel J. Ciment_____   _____3/20/2026_____
Counsel for Plaintiff(s)                                Date


_/s/Keith Wier_____   _____3/20/2026_____
Counsel for Defendant(s)                             Date